## JORDAN & MILLER v. QUICK.

1. BILL OF EXCEPTIONS: EVIDENCE. The Supreme Court will not consider a certificate by a clerk showing the evidence received in the trial of an action at law. It must be embodied in a bill of exceptions duly signed by the court.
2. JUSTICE'S DOCKET. A justice of the peace should write in his docket the substance of oral pleadings; but should not state his inferences drawn therefrom.

*Appeal from Keokuk District Court.*

SATURDAY, OCTOBER 6.

ACTION before a justice of the peace on a promissory note. The material facts are stated in the opinion of the court.

*Casey* and *Mackey* for the appellant, relied upon the Code of 1851, sections 2338, 2339.

*G. D. Wooden* for the appellee, to the point that the clerk's certificate is not sufficient to show that the note of which a copy is given in the transcript was the one offered in evidence, and that it should have been embodied in a bill of exceptions, cited *Harmon* v. *Chandler*, 3 Iowa 150; *The State of Iowa* v. *Strong*, 6 Ib. 72.

WRIGHT, J.—We cannot act upon the certificate of the clerk, that the note attached to the transcript was that introduced in evidence as the basis of plaintiff's right to recover. If the evidence is to be preserved in an action at law, for the consideration of this court, it must be embodied in a bill of exceptions and properly certified by the judge. *Garber* v. *Morrison & White*, 5 Iowa 476. We cannot, therefore, say that the evidence did not sustain the judgment.

The action was commenced before a justice of the peace and by defendant appealed to the District Court. The justice's transcript, as originally filed, showed that defendant

pleaded payment.   At the request of defendant, the justice filed an amended transcript, in which he states that " the plea of payment referred to as having been made by defendant before me, has reference to the former adjudication of said note, and judgment on the same before M. F. Bottorff, late justice of the peace." On motion of plaintiff, this amended transcript was struck from the file, and of this defendant complains.

It was the duty of the justice to write down in his docket the substance of the defendant's pleas, if oral.   In doing this he is to state the substance of the facts relied upon, and not what he inferred was meant thereby.   Thus, it is irregular as in this instance, for him to state that defendant relied upon the defense of payment, and to follow it up by the statement, that such plea had reference to a state of facts, which, if they amount to anything as stated, make the plea of former adjudication.   This calling the defense by one name, when the facts show it to be another, will not be allowed to prejudice a party, it is true.   But he is not to state what the plea *referred* to, but what it was in fact; that is, what it was in substance.   Now it was easy for the justice, in this instance, to have stated that defendant pleaded that plaintiff's claim or demand had been previously adjudicated, giving the court and time.   And this was his duty if such a defense was in fact made.   Instead of doing this, however, he seems to state in his return that he inferred, or that it was his opinion, that the plea had reference to a former judgment.   We do not decide that he might not certify in his amended transcript that defendant relied upon two or more defenses, only one of which was stated in the one originally sent up.   But in doing so he must state the fact, or what was done, and not his inference or opinion as to what the plea meant or referred to.

We think there was no error in striking the amended transcript.

Judgment affirmed.